Ray MANUS

v.

PLAYWORLD SYSTEMS, INC.

Civ. A. No. 94–7186.

United States District Court, E.D. Pennsylvania.

July 31, 1995.

John P. Halvonik, Gaithersburg, MD, for plaintiff.

John C. Dorfman and Stephen H. Eland, Dan, Dorfman, Herrell and Skillman, Philadelphia, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

Presently before this Court is Defendant Playworld System's Motion for Summary Judgment. Plaintiff originally brought this claim in response to Defendant's alleged patent infringement of the design for the "Auto–Play," a piece of playground equipment developed by Plaintiff. Plaintiff concedes that ten years passed between the time Plaintiff first became aware of the infringement and his filing of this claim. A presumption of a prima facie defense of laches arises in patent infringement claims after a delay of six years. Therefore, this memorandum resolves the sole issue of whether Plaintiff has met his burden to overcome this presumption.

According to Fed.R.Civ.P. 56(c) and (e), "[w]here a movant [for summary judgment] has supported its motion with affidavits or other evidence which, unopposed, would establish its right to judgment, the non-movant may not rest upon general denials in its pleadings or otherwise." *Sweats Fashions v. Pannill Knitting Co.,* 833 F.2d 1560, 1562 (Fed.Cir.1987). Instead, the burden is placed upon the non-movant to "proffer countervailing evidence sufficient to create a genuine factual dispute." *Id.* "[M]ere assertions of counsel" are insufficient, and unless contradictory evidence is presented, the motion must be granted. *Sweats Fashions,* 833 F.2d at 1562 (quoting *Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd.,* 731 F.2d 831, 836 (Fed.Cir.1984)).

 When the movant for summary judgment in a patent infringement case submits evidence that the non-movant "delayed filing suit for six years after the actual or constructive knowledge of the ... alleged infringement," a "prima facie defense of laches" is presumed. *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.,* 960 F.2d 1020, 1037 (Fed.Cir.1992). The presumption allows the court to infer the two elements necessary to be successful with a laches defense: an unreasonable delay and prejudice to the defendant from the extended wait that would not have been a factor had the non-movant sued in a timely fashion. *Id.* at 1037. Absent any contradicting evidence, the presumption of these two elements precludes the non-movant from recovery, and allows a court to grant the summary judgment motion. *Id.* at 1032. To defeat the motion for summary judgment, therefore, the non-movant must submit evidence to rebut this presumption by "put[ting] the existence of a presumed fact into genuine dispute," either by showing that the delay was reasonable or that the movant did not suffer prejudice caused by the wait. *Id.* at 1038.

 Defendant has offered an affidavit from Dale L. Miller, the president and chief

executive officer of Playworld Systems, Inc., who asserts that Plaintiff has waited over ten years to pursue this claim. Plaintiff does not deny the delay, so there is a presumption that the delay was unjustified and that Defendant suffered prejudice. To defeat this motion, Plaintiff must put forth evidence showing that the wait was excusable or that Defendant would not be prejudiced by having to defend this claim, either economically or through undue burdens in gathering evidence. *A.C. Aukerman Co.*, 960 F.2d at 1038.

Plaintiff first attempts to rebut the presumption by offering an explanation for the delay. Plaintiff claims that the delay should be excused because his previous attorneys were either unwilling or unable to represent him. Plaintiff offers no case law to support the validity of his excuse, and this Court is unable to find any authoritative or persuasive source to accept this explanation. Although courts have listed several excuses that they consider acceptable, none are similar to Plaintiff's. See *A.C. Aukerman Co.*, 960 F.2d at 1033. This Court is given discretion when applying the defense of laches, but we cannot allow the presumption to fall merely because Plaintiff was unable to find reliable counsel during the ten years in which he was aware of the alleged infringement. Therefore, we find Plaintiff's delay excuse ineffective.

Plaintiff next attempts to partially rebut the presumption that Defendant might face economic prejudice in defending this claim. Plaintiff states that "there are no great expenses incurred in producing the Auto–Play." Manus Aff. ¶ 4. Plaintiff, however, does not address Defendant's other areas of potential liability that might have been avoided had Plaintiff sued earlier, such as costs associated with the increased production of the unit, marketing, or capital expenditures over the past ten years. Therefore, Plaintiff has failed to present "sufficient evidence to raise a genuine factual issue respecting the" economic prejudice in defending this claim. *A.C. Aukerman Co.*, 960 F.2d at 1039.

Plaintiff has not even attempted to meet his burden of showing that Defendant will not suffer evidentiary prejudice from the delay. "Evidentiary, or 'defense' prejudice," might prevent a party from properly defending a claim "due to the loss of records, the death of a witness, or the unreliability of memories of long past events, thereby undermining the court's ability to judge the facts." *A.C. Aukerman Co.*, 960 F.2d at 1033. Plaintiff's failure to show why Defendant would not suffer evidentiary prejudice forces this court to accept the presumption that Defendant would be unable to "present a full and fair defense on the merits". *Id.*

When a court is deciding whether to bar recovery by allowing the defense of laches, "[a] court must look at all of the particular facts and circumstances of each case and weigh the equities of the parties." *A.C. Aukerman Co.*, 960 F.2d at 1032. Plaintiff has not offered this Court any valid reason to mitigate his delay and deny the laches defense.

Even if the presumption did not control, Defendant's evidence of his potentially escalated liability from the delay would warrant a summary judgment. Mr. Miller's assertions in his affidavit that Defendant's potential damages have significantly increased because of Defendant's reliance on Plaintiff's silence have not been met by Plaintiff. Miller Aff. ¶ 28. Whether or not the laches defense is presumed, summary judgment is required under Fed.R.Civ.Pro. 56(e) because Plaintiff has failed to produce evidence to present a genuine factual issue on this point. Accordingly, all relevant facts surrounding this delay warrant a summary judgment. Therefore, the motion is granted.

### ORDER

AND NOW, this 31st day of July, 1995, upon consideration of Defendant's Motion for Summary Judgment pursuant to Fed. R.Civ.P. 56, and the responses thereto, it is hereby ORDERED that said Motion is GRANTED.